# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS

**Jerrye Dee Milligan**                                                                **Plaintiff**

### No. 3:13-CV-240-JTR

**Carolyn W. Colvin, Acting Commissioner,**                           **Defendant**
**Social Security Administration**

### MEMORANDUM AND ORDER AFFIRMING THE COMMISSIONER

Jerrye Dee Milligan seeks judicial review of the denial of her second application for supplemental security income (SSI).[1] Milligan bases disability on Hepatitis C, emphysema, chronic obstructive pulmonary disease (COPD), and depression.[2] Milligan's last reported earnings occurred in 1998.[3] Her reasons for no longer working vary.[4] She claims she has been disabled since she stopped working in 1998, but she isn't eligible for SSI prior to her application date.[5] Consequently, this

---

[1] SSA record at p. 131 (applying for SSI on Jan. 14, 2011 and alleging disability beginning Jan. 1, 1999). *See also id.* at p. 74 (denying application filed on Sept. 11, 2007 and alleging disability on Jan. 1, 1999).

[2] *Id.* at p. 147.

[3] *Id.* at p. 138.

[4] *Compare id.* at p. 147 (applying for SSI and alleging that she stopped working on Jan. 1, 1999 because of her medical conditions) *with id.* at p. 600 (explaining that she quit working as a substitute teacher because her teenage daughter got pregnant and she stayed home to take care of baby so her daughter could finish school).

[5] *See* 20 C.F.R. § 416.335; *Cruse v. Bowen*, 867 F.2d 1183, 1185 (8th Cir. 1989).

case considers whether Milligan was disabled beginning January 14, 2011.

**The Commissioner's decision**.  After considering the second application, the Commissioner's ALJ determined Milligan has severe impairments — COPD, emphysema, Hepatitis C, liver cirrhosis, status post removal of mass in the abdomen, and depressive disorder[6] — but she can do some sedentary work.[7]  Because a vocational expert identified available sedentary work,[8] the ALJ concluded that Milligan not disabled under the Social Security Act and denied the application.[9]

After the Commissioner's Appeals Council denied a request for review,[10] the decision became a final decision for judicial review.[11]  Milligan filed this case to challenge the decision.[12]  In reviewing the decision, the court must determine whether

---

[6] SSA record at p. 13.

[7] *Id*. at p. 15.

[8] *Id*. at pp. 66-67.

[9] *Id*. at pp. 26-27.

[10] *Id*. at p. 1.

[11] *See Anderson v. Sullivan*, 959 F.2d 690, 692 (8th Cir. 1992) (stating, "the Social Security Act precludes general federal subject matter jurisdiction until administrative remedies have been exhausted" and explaining that the appeal procedure permits claimants to appeal only final decisions).

[12] Docket entry # 1.

substantial evidence supports the decision and whether the ALJ made a legal error.[13]

**Milligan's allegations of error**. Milligan challenges the determination that she can do some sedentary work. She contends her respiratory and liver impairments satisfy the requirements for SSI under impairments listed in the Commissioner's regulations. She questions the ALJ's evaluation of her credibility about the severity of her impairments. She maintains the ALJ failed to consider all of her impairments, including the need for supplemental oxygen, when asking the vocational expert about available work. For these reasons, she maintains substantial evidence does not support the decision.[14]

**Applicable legal principles**. For substantial evidence to support the decision, a reasonable mind must accept the evidence as adequate to show Milligan can do some sedentary work.[15] Sedentary work "involves lifting no more than 10 pounds at a time

---

[13]*See* 42 U.S.C. § 405(g) (requiring the district court to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner conformed with applicable regulations); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) ("We will uphold the Commissioner's decision to deny an applicant disability benefits if the decision is not based on legal error and if there is substantial evidence in the record as a whole to support the conclusion that the claimant was not disabled.").

[14]Docket entry # 11.

[15]*Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Britton v. Sullivan*, 908 F.2d 328, 330 (8th Cir. 1990).

and occasionally lifting or carrying articles like docket files, ledgers, and small tools."[16] Sedentary work "represents a significantly restricted range of work. Individuals who are limited to no more than sedentary work by their medical impairments have very serious functional limitations."[17] The ALJ limited sedentary work by requiring simple, routine, repetitive work; simple, direct, concrete supervision; and an environment free of temperature extremes or pulmonary irritants.[18] The court must determine whether a reasonable mind would accept the evidence as adequate to show Milligan can work with these limitations.

**A reasonable mind would accept the evidence as adequate because the evidence shows no very serious functional limitation preventing sedentary work.** When asked why she can't work, Milligan identified COPD, emphysema, and fatigue.[19] She said she needs supplemental oxygen to breathe.[20] These allegations are not enough to prove Milligan is disabled because the determination about a claimant's

---

[16] 20 C.F.R. § 416.967(a).

[17] SSR 96-9p, *Pol'y Interpretation Ruling Titles II & XVI: Determining Capability to Do Other Work--Implications of a Residual Functional Capacity for Less Than a Full Range of Sedentary Work.*

[18] SSA record at p. 15.

[19] *Id*. at pp. 38 & 43.

[20] *Id*. at p. 38.

ability to work must be supported by medical evidence.[21] The medical evidence shows nothing preventing sedentary work.

**Milligan's respiratory impairment likely limits her to sedentary work because she continues to smoke**. Shortly before applying for SSI, Milligan was diagnosed with COPD and emphysema.[22] Later diagnoses included chronic bronchitis.[23]

> [COPD] refers to two related, progressive diseases of the respiratory system, chronic bronchitis and emphysema. Emphysema is the enlargement and destruction of the air sacs … of the lungs. Chronic

---

[21] 42 U.S.C. § 423 (d)(5)(A) ("An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability…; there must be medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment…which could reasonably be expected to produce the pain or other symptoms alleged and which…would lead to a conclusion that the individual is under a disability"); 20 C.F.R. § 416.908 ("A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by your statement of symptoms."); 20 C.F.R. § 416.929 ("[S]tatements about your pain or other symptoms will not alone establish that you are disabled; there must be medical signs and laboratory findings which show that you have a medical impairment(s) which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all of the other evidence (including statements about the intensity and persistence of your pain or other symptoms which may reasonably be accepted as consistent with the medical signs and laboratory findings), would lead to a conclusion that you are disabled.").

[22] SSA record at pp. 441 & 506 (Dec. 16, 2010, pulmonary function testing showed severe obstructive disease with no reversibility) & p. 314 (Dec. 21, 2010, computed tomography consistent with emphysema).

[23] *Id.* at p. 342 (Jan. 7, 2011, hospitalization for COPD exacerbation).

bronchitis is ongoing inflammation that eventually results in narrowing of the airways. These are gradually progressive and permanent disease conditions in which there is persistent difficulty in expelling (exhaling) air from the lungs resulting in loss of lung function. Because smoking is the major cause of both diseases, chronic bronchitis and emphysema often occur together in the same individual.[24]

Milligan has smoked for over 30 years.

"Quitting smoking helps ease symptoms and slow the progress of the disease. … Quitting will not reverses the COPD, but will make the decline in lung function slower."[25] Despite medical instructions to "not smoke ever again,"[26] Milligan continued to smoke cigarettes and marijuana.[27] She experienced periodic exacerbations of her disease, sometimes requiring hospitalization to stabilize her symptoms.[28]

When Milligan reduced smoking, her symptoms stabilized.[29] Milligan's

---

[24]Harry W. Golden & Tish Davidson, 2 The Gale Encyclopedia of Med. 1024 (4th ed.).

[25]*Id.* at p. 1027.

[26]SSA record at p. 442.

[27]*See, e.g., id.* at pp. 534, 576, 658, 711, 733, 816 & 992.

[28]*Id.* at p. 342 (Jan. 7, 2011, three-day hospitalization for COPD exacerbation) & p. 788 (June 25, 2011, five-day hospitalization for COPD exacerbation).

[29]*Id.* at p. 658 (emphysema and COPD stable on Advair and Albuterol, but she's still smoking) & p. 1005 (emphysema and COPD stable on Advair and Albuterol, but she's still smoking).

respiratory impairment can't be cured, but she can control her symptoms by following prescribed treatment. Her failure to follow medical advice bars her from obtaining SSI.[30] Milligan does not qualify for SSI under a listing for respiratory impairment because the results of pulmonary function testing exceed the required range.[31] The reduction to sedentary work in an environment without temperature extremes and pulmonary irritants accommodates Milligan's respiratory impairment.

**Milligan's liver impairment likely limits her to sedentary work because of fatigue.** Milligan learned she has Hepatitis C during a hospitalization for respiratory impairment.[32] "Hepatitis C infection is an inflammatory disease of the liver caused by the hepatitis C virus …."[33] People who abuse intravenous drugs or use any form of cocaine face an increased risk of developing Hepatitis C.[34] Milligan has a history

---

[30] *See Tome v. Schweiker*, 724 F.2d 711, 713-14 (8th Cir. 1984) ("The Secretary's regulations provide that a claimant who fails to treat a remediable condition without good reason is barred from entitlement to benefits."); 20 C.F.R. § 416.930 ("In order to get benefits, you must follow treatment prescribed by your physician if this treatment can restore your ability to work.").

[31] SSA record at p. 631.

[32] *Id*. at p. 302 (lab work positive for Hepatitis C).

[33] Rebecca J. Frey, 3 The Gale Encyclopedia of Med. 2083 (4th ed.).

[34] *Id*. at p. 2084.

of intravenous drug use and cocaine use.[35]

Hepatitis C can attack and kill liver cells over time, causing cirrhosis. "Cirrhosis … involves the formation of permanent scar tissue in the liver and loss of liver function.  It is often caused by chronic alcohol abuse …."[36]  Milligan has a history of alcohol abuse.[37]

Milligan's liver biopsy confirmed the presence of cirrhosis.[38]  The goal of treating cirrhosis is curing or reducing the condition causing cirrhosis, preventing or delaying disease progression, and preventing and treating complications.[39] Milligan's doctor instructed her to stop drinking[40] and enrolled her in clinical drug trials.[41] Milligan developed complications and had to discontinue the drug trial.[42]  Since that time, she has received no treatment for Hepatitis C.

---

[35]SSA record at pp. 354, 551-52, 999 & 1004.

[36]Tish Davidson, 4 The Gale Encyclopedia of Med. 2631 (4th ed.).

[37]SSA record at p. 695.

[38]*Id.* at pp. 977 & 1004.

[39]Maureen Haggert, Rebecca J. Frey & Laura Jean Cataldo,  2 The Gale Encyclopedia of Med. 1034 (4th ed.).

[40]SSA record at p. 695.

[41]*Id.* at p. 954.

[42]*Id.* at pp. 819-20.

Although "the prognosis of hepatitis C is guarded for most patients,"[43] a reasonable mind would accept the evidence as adequate to show Milligan can do sedentary work because Hepatitis C causes fatigue, and because the medical evidence shows Hepatitis C poses a very serious functional limitation. Milligan does not qualify for SSI under a listing for chronic liver disease because there is no evidence of blood transfusions, hemodynamic instability, or hemorrhaging.

**The removal of an abdominal mass does not prevent Milligan from doing sedentary work.** During the pendency of her application, Milligan complained about symptoms flowing from a benign ovarian cyst.[44] Such cysts often resolve on their own, but large cysts that cause pain are surgically removed.[45] When Milligan's cyst increased in size[46] and caused pain, it was surgically removed. Milligan's post-surgery appointment reflects she was doing well.[47]

**A reasonable mind would accept the vocational evidence as adequate to**

---

[43]Rebecca J. Frey, 3 The Gale Encyclopedia of Med. 2086 (4th ed.).

[44]SSA record at p. 1037 (mild wheezing, does not appear to be in exacerbation, most of her shortness of breath is likely due to enlarging mass) & p. 579 (her complaint of abdominal pain, swelling, and back pain probably flows from the cyst).

[45]Lori De Milto & Rebecca J. Frey, 4 The Gale Encyclopedia of Med. 3220-21 (4th ed.).

[46]SSA record at pp. 260, 310, 373, 569, 763, 779, 941, 1004 & 1036.

[47]*Id*. at pp. 1047-48.

**show Milligan can work within the ALJ's limitations**. Milligan's challenge about the vocational evidence depends on her credibility, but the record contains inconsistent statements supporting the ALJ's evaluation of credibility.[48] When asked about work for a person with Milligan's limitations, the vocational expert identified two representative jobs: escort vehicle driver and production assembly jobs like lampshade assembler.[49] Milligan says she can't do those jobs because she needs supplemental oxygen to breath, but there is no medical evidence supporting that claim. She was breathing without supplemental oxygen at her hearing.[50] She was still smoking.[51]

The ALJ asked for Milligan's most recent medical evidence — the evidence that would purportedly substantiate her claim — but the provided treatment record does not mention supplemental oxygen. The vocational evidence shows work exists that Milligan can do regardless of whether such work exists where she lives, whether

---

[48]*Compare id*. at p. 695 (reporting on July 20, 2011 that she had been drug free for one year) *with id*. at pp. 551-52 & 556 (lab work on Feb. 3, 2011 showing positive tests for amphetamine, benzodiazepine, methamphetamine and cannibinoids). *Compare id*. at p. 131 (alleging disability beginning Jan. 1, 1999) *with id*. at p. 600 (reporting that she stopped working in 1999 to take care of grandchild so teenage daughter could complete school).

[49]*Id*. at pp. 66-67.

[50]*Id*. at p. 43.

[51]*Id*. at p. 40.

a job vacancy exists, or whether she would be hired if she applied for work.[52] A reasonable mind would view the evidence as adequate to show Milligan over-stated her symptoms.

**Conclusion**. Substantial evidence supports the ALJ's decision. The ALJ made no legal error. For these reasons, the court DENIES Milligan's request for relief (docket entry #2) and AFFIRMS the Commissioner's decision.

It is so ordered this 3rd day of February, 2015.

_____
United States Magistrate Judge

---

[52] 42 U.S.C. § 1382c(a)(3)(B) (defining disability under social security law).